**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley Lynn Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91301
Telephone:     (805) 270-7100
Facsimile:     (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

**BRADLEY/GROMBACHER, LLP**
Robert N. Fisher (SBN 302919)
246 5th Avenue, Suite 522
New York, NY 10001
Telephone:     (646) 443-6235
rfisher@bradleygrombacher.com

*Attorneys for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JOHN F. FOSTER on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR CORPORATION and DOES 1 through 20, inclusive,<br><br>        Defendants. | **CASE NO.:**<br><br><br>**CLASS ACTION**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

1.    Plaintiff John F. Foster (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, hereby files this Complaint against Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., Toyota Motor Corporation and DOES 1 through 20, inclusive (hereinafter collectively referred to as "Defendants," or "Toyota").  All allegations in this class action complaint are based upon information and belief, except for those allegations that pertain to the Plaintiff named herein and his counsel.  Plaintiff's information and beliefs are based upon, *inter alia*, the investigation conducted to date by Plaintiff and his counsel. Each allegation either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.  Plaintiff is informed and believes, and on the basis of that information and belief alleges, as follows:

2.    Toyota markets its luxury vehicles under the brand name Lexus.  Lexus is a division of Toyota.   References to Lexus refer to the Toyota Defendants operations through their Lexus division.

3.    This action relates to the sound systems installed by Lexus in a number of Lexus models (the "Faulty Sound System").  The sound system is flawed because the rear speakers transmit virtually undetectable sound rendering them functionally useless.

4.    This issue is present in the 2019 Lexus ES 350, but on information and belief, is a pervasive issue that has existed in Lexus vehicles since at least 2010.  On information and belief, the sound systems affected include, but are not limited to, the "Lexus 10-Speaker Premium Sound System."

5.    Lexus markets and warrants that the Faulty Sound System is a premium system implying that it functions at a high level, while in fact, due to an apparent design defect, portions of it are functionally useless.

6.    Lexus has long known about this issue.  Customers have complained about the Faulty Sound System since at least 2014.

7.    Plaintiff has notified Lexus regarding the issue and provided Lexus with a reasonable opportunity to fix the Faulty Sound System, but instead has been advised that the Faulty Sound System is functioning as designed.  Thus, Lexus has failed to remedy the defect in a reasonable period of time.

8.      Plaintiff's issues are not unique, he has been advised by Lexus employees that other customers have experienced the same issue, he has tested other ES 350 vehicles with the Faulty Sound System and discovered the same issues, and there are numerous complaints online from unhappy customers experiencing the same issue.

9.      Lexus has and will continue to benefit from its unlawful conduct – by selling more vehicles, at a higher price, and avoiding warranty obligations – while consumers are harmed at the point of sale as their vehicles continue to suffer from the unremedied defects with the Faulty Sound System.

10.      Had Plaintiff and other proposed class members known about the defect at the time of purchase or lease, they would not have bought or leased vehicles with the Faulty Sound System, or would have paid substantially less for them

11.      Plaintiff brings this class action lawsuit against Defendants pursuant to Federal Rule of Civil Procedure 23.  Plaintiff brings this action individually and on behalf of other persons who purchased (or leased) a Lexus vehicle between November 19, 2015 and the date judgment is rendered in this action containing a "Lexus 10-speaker Premium Sound System."  Plaintiff seeks relief in the form of: (i) an injunction enjoining Lexus from any further sales of vehicles containing this faulty sound system, and to take such other remedial action as may be otherwise requested herein; and (ii) money damages to adequately and reasonably compensate owners of the faulty vehicles who have through no fault of their own purchased defective Lexus vehicles.

## JURISDICTION AND VENUE

12.      The Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.   The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13.      The Court has personal jurisdiction over Defendants over the parties because Plaintiff submits to the jurisdiction of the Court and because Defendant systematically and continually conduct business throughout the State of California, including marketing, advertising, and sales directed to

California residents and the conduct complained of involves acts targeted towards citizens of the State of California.  Defendants have distributed, marketed, advertised, and sold vehicles containing the Faulty Sound System in this District.

14.    Pursuant to 28 U.S.C. §§1391(c)(2) and (d), Defendant is deemed to reside in this District.  As such, venue is proper in this judicial district under 28 U.S.C. §1391(b)(1) because Defendants are deemed to reside in this District and under 28 U.S.C. §1391(b)(2), because Defendants conduct business in this District and a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this District.

### INTRADISTRICT ASSIGNMENT

15.    Assignment in the San Francisco or Oakland Division of this Court is appropriate pursuant to Civil L.R. 3-2(c) because a substantial part of the events or omissions that give rise to this action likely occurred in San Ramon, CA, which is within Contra Costa County.  Toyota operates a regional office/product quality field office at 2451 Bishop Dr., San Ramon, CA 94583.

### THE PARTIES

**Plaintiff**

16.    Plaintiff is a resident of Ventura County California.

17.    Plaintiff purchased a 2019 Lexus ES 350 with a "Lexus 10-speaker Premium Sound System" on September 27, 2018.

**Defendants**

18.    Defendant Toyota Motor Sales U.S.A., Inc. ("TMS USA") is a California corporation with its headquarters located at 6565 Headquarters Drive, Plano Texas 75024.  On information, and belief, TMS USA is the North American Toyota sales, marketing, and distribution subsidiary of Defendant Toyota Motor Corporation and oversaw the distribution, marketing, promotion, and sale of Lexus vehicles with the Faulty Sound System described herein throughout the United States and in this District.  On information and belief, TMS USA has operations at a regional office/product quality field office within this District located at 2451 Bishop Dr., San Ramon, CA 94583.  Toyota's regional offices are, according to its website, where it, *inter alia*, "coordinate[s] vehicle sales" in various regions of the United States.  Thus, TMS USA purposely directed its conduct toward this

District and at all relevant times engaged in a continuous course of business in this District.

19.     Defendant Toyota Motor North America, Inc. ("TMNA") is a California corporation with its headquarters located at 6565 Headquarters Drive, Plano Texas 75024.  TMNA operates a regional office/product quality field office within this District located at 2451 Bishop Dr., San Ramon, CA 94583.   On information and belief, TMNA is a holding company through which Defendant Toyota Motor Corporation owns and operates Defendant TMS USA and other entities. Additionally, on information and belief, TMNA is involved in advertising Toyota and Lexus vehicles in California and the United States.  Thus, TMNA purposely directed its conduct toward this District and at all relevant times engaged in a continuous course of business in this District.

20.     Defendant Toyota Motor Corporation ("TMC") is a Japanese limited liability company with its headquarters in Toyota City, Aichi, Japan.  TMC owns and operates TMNA and TMS USA. On information and belief, TMC oversaw the distribution, marketing, promotion, and sale of Lexus vehicles with the Faulty Sound System described herein throughout the United States and in this District. Thus, TMC purposely directed its conduct toward this District and at all relevant times engaged in a continuous course of business in this District.

21.     Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 20 but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

22.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to Defendants, each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any and all Defendants represent and were in accordance with Defendants' official policy.

23.     At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

CLASS ACTION COMPLAINT

1    24.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants are

2    in some manner intentionally, negligently, or otherwise responsible for the acts, omissions,

3    occurrences, and transactions alleged herein.

4                                **GENERAL ALLEGATIONS**

5    **A. Facts Related to Plaintiff**

6    25.    Plaintiff purchased his 2019 Lexus ES 350 containing the Faulty Sound System on

7    September 27, 2018.

8    26.    Prior to purchasing the vehicle, Plaintiff reviewed Defendants' advertisements,

9    representations and warranties, including but not limited to its representation that the Faulty Sound

10   System was a "premium" system and that Lexus is "an automotive company that takes inspired design,

11   relentless innovation and uninhibited performance and turns them into passionate, moving

12   experiences" and is "equally dedicated to offering exceptional customer experiences."

13   27.    Plaintiff relied upon such representations in making his decision to purchase a Lexus

14   containing the Faulty Sound System.

15   28.    Plaintiff has used his Lexus vehicle and including all features such as the "Lexus 10-

16   speaker Premium Sound System", solely for the intended purposes and within Defendants' directions

17   and instructions regarding usage.

18   29.    After taking possession of the vehicle, Plaintiff discovered that the "Lexus 10-speaker

19   Premium Sound System" in his vehicle is defective because hardly any sound comes out of the rear

20   speakers.

21   30.    Plaintiff initially raised his concerns with Lexus customer service on October 6, 2018.

22   The customer service representative agreed that the volume from the rear speakers was deficient and

23   advised him to take his car to the dealer.

24   31.    When Plaintiff took his vehicle back to a dealership, the service technician advised him

25   that he had heard of the problem in other cars and it must be by design.

26   32.    Plaintiff has been advised by Lexus customer service that other cars had the same

27   problem.

28   33.    Plaintiff continued to reach out to Lexus through various communications including

letters to the President of the Kentucky manufacturing plant and calls with Lexus employees including with Lexus's Executive Office.

34.     Nonetheless, the Faulty Sound System in Plaintiff's vehicle has not been repaired and Plaintiff has been advised that Lexus has made a final decision not to make any such repairs to his vehicle.

35.     Plaintiff suffered injury in fact and lost money as a result of the unfair, deceptive, untrue, and misleading advertising described here. Had Plaintiff known of the defective nature of the Faulty Sound System, he would not have purchased his Lexus vehicle.

36.     If Plaintiff were to encounter product information and advertisements for Defendants' products, he could not rely on them.  However, Plaintiff would be willing to purchase products from Defendants in the future so long as Defendants engaged in corrective advertising.

37.     Lexus vehicles incorporating the Faulty Sound System were defectively designed and manufactured and are faulty.

38.     Plaintiff and Class members have suffered damages as a result of Defendants' deceptive practices, including but not limited to the fact that their speaker systems do not work as advertised and will require repair and replacement in order to function—which has caused, or will cause, Plaintiff and Class members to incur material and labor costs.

**B.  Lexus Provides Express Warrantees That It Will Repair Defects in Its Vehicles**

39.     Lexus provides express warrantees that cover its vehicles.

40.     Lexus's Basic Warranty coverage lasts for 48 months or 50,000 miles and provides that "it "covers repairs and adjustments needed to correct defects in materials or workmanship of **any part supplied by Lexus**" with certain limited exceptions which do not apply here.[1]

41.     Plaintiff and the members of the class viewed this warranty prior to their purchases of the vehicles containing the Faulty Sound Systems.

42.     Lexus has refused to acknowledge that the Faulty Sound System is defective and has refused to repair and replace the system.

---

[1] https://www.lexus.com/warranty

**CLASS ACTION COMPLAINT**

1    **C.  Lexus Was on Notice of the Defects**

2        43.    Lexus customers have complained about the problems with the Faulty Speaker System

3    since as early as 2014.

4        44.    In 2014, a commenter on ClubLexus.com complained that "I have a 2010 IS350C that

5    we just recently purchased used. It has the basic stereo system in it (no upgrades). We noticed that the

6    rear speakers make almost no sound except for what might be described as 'surround sound effects'.

7    We took it to the dealer who also thought we had a problem but when they called Lexus Corporate for

8    advice on what to do to fix it, they were told that the rear speakers were likely behaving as designed.

9    That in the IS-C model the rear speakers were especially small and not particularly loud at all."[2]

10       45.    In 2017, a customer on ClubLexus.com complained that his 2017 NX Luxury vehicle

11   system "is hum kinda horrible..looks like the subwoofer is way lacking in power (for low frequencies)

12   and front door speakers are way too 'boomy'. I'm guessing the amp is lacking power (if it has one ??)

13   and I feel like the rear door speakers are weak too. I didn't expect a sound system so disappointing for

14   this amount of money."[3]

15       46.    Another customer commented that "Lexus definitely dropped the ball on the NX sound

16   system."  *Id.*

17       47.    Another indicated that he "had the same problem with my nx's 10 speaker system" and

18   described repairs and replacements he had made to the system to improve performance.  *Id.*

19       48.    Lexus had advertised that the "available 10-speaker Lexus Premium Sound System

20   offers exceptional sound."[4]

21       49.    In November 2018, a poster on ClubLexus.com noted that the "ES 2019 has rear

22   speaker issue now."[5]

23       50.    Another poster responded that "I suspect you are identifying the fact that when you

24   fade the sound to the rear, you lose most of the volume, correct? This is a design flaw."  *Id.*

25   _____
     [2] https://www.clublexus.com/forums/is-2nd-gen-2006-2013/761098-rear-speaker-volume-level-
26   very-low.html#post8760813
     [3] https://www.clublexus.com/forums/nx-models-2015-present/873211-10-speakers-sound-
     system.html
27   [4] http://www.auto-brochures.com/makes/lexus/NX/Lexus_US%20NX_2017.pdf
     [5] https://www.clublexus.com/forums/es-7th-gen-2019-present/904865-lexus-rear-speaker-
28   issue.html#post10363909

51.     It is inconceivable that Lexus was not aware of these complaints lodged on message boards dedicated to Lexus customers particularly given the fact that one of the posters reported that his dealership spoke to Lexus customer service and was advised that the speakers were performing as designed.

52.     The experiences and complaints of Plaintiff, and Defendants' acknowledgement of these complaints, show that Defendants were well aware of customer complaints and experiences concerning the defects in the Faulty Sound System. Despite this knowledge, Defendants have failed to implement any changes to cure the defects associated with vehicles containing these Faulty Sound Systems or the way Defendants market and sell such vehicles to consumers.

**D.  Lexus Failed to Disclose the Defects**

53.     Despite the existence of consumer complaints that undoubtedly tipped Lexus off to the problems with the Faulty Sound System, Lexus did not disclose the issues with the system to its customers.

54.     Rather, Lexus failed to disclose or actively concealed at and after the time of purchase or lease that the Faulty Sound System was defective.

55.     Instead, Lexus continued to advertise the system as a "premium" sound system.

<u>**TOLLING OF THE STATUTE OF LIMITATIONS,**</u>
<u>**FRAUDULENT CONCEALMENT, EQUITABLE TOLLING,**</u>
<u>**AND CONTINUING VIOLATIONS**</u>

56.     Plaintiff did not discover and could not have discovered through the exercise of reasonable diligence, the existence of the claims sued upon herein until immediately prior to commencing this civil action.

57.     Any applicable statutes of limitation have been tolled by Defendants' affirmative acts of fraudulent concealment and continuing misrepresentations, as the facts alleged above reveal.

58.     Because of the self-concealing nature of Defendants' actions and their affirmative acts of concealment, Plaintiff and the Classes assert the tolling of any applicable statutes of limitations affecting the claims raised herein.

59.     Defendants continue to engage in the deceptive practice, and consequently, unwary consumers are injured on a daily basis by Defendants' unlawful conduct.  Therefore, Plaintiff and the

Classes submit that each instance that Defendants engaged in the conduct complained of herein and each instance that a member of any Class purchased a vehicle containing a Faulty Sound System constitutes part of a continuing violation and operates to toll the statutes of limitation in this action.

60.     Defendants are estopped from relying on any statute of limitations defense because of their unfair or deceptive conduct.

61.     Defendants' conduct was and is, by its nature, self-concealing.  Still, Defendants, through a series of affirmative acts or omissions, suppressed the dissemination of truthful information regarding their illegal conduct, and actively have foreclosed Plaintiff and the Classes from learning of their illegal, unfair, and/or deceptive acts.

62.     By reason of the foregoing, the claims of Plaintiff and the Classes are timely under any applicable statute of limitations, pursuant to the discovery rule, the equitable tolling doctrine, and fraudulent concealment.

## **CLASS ACTION ALLEGATIONS**

63.     Plaintiff brings this action individually and on behalf of all other persons similarly situated.  The Classes that Plaintiff seeks to represent comprise:

### **California Class**

All persons in California who purchased or leased Lexus vehicles for personal or household use, and not for resale or distribution purposes containing a Faulty Sound System from November 19, 2015, to the date of judgment in this action. Specifically excluded from this Class are Defendants; the officers, directors, or employees of Defendants; any entity in which Defendants have a controlling interest; and any affiliate, legal representative, heir, or assign of Defendants. Also excluded are those who assert claims for personal injury as well as any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action (the "California Class").

### **National Class**

All persons in the United States who purchased or leased Lexus vehicles for personal or household use, and not for resale or distribution purposes containing a Faulty Sound System from November 19, 2015 to the date of judgment in this action.  Specifically excluded from this Class are Defendants; the officers, directors, or employees of Defendants; any entity in which Defendants have a controlling interest; and any affiliate, legal representative, heir, or assign of Defendants.  Also excluded are those who assert claims for personal injury as well as any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

**<u>Consumer Protection Class</u>**

All persons who reside in states in the United States with similar consumer protection laws, breach of express warranty laws and breach of implied warranty law, who purchased or leased Lexus vehicles for personal or household use, and not for resale or distribution purposes containing a Faulty Sound System from November 19, 2015, to the date of judgment in this action. Specifically excluded from this Class are Defendants; the officers, directors, or employees of Defendants; any entity in which Defendants has a controlling interest; and any affiliate, legal representative, heir, or assign of Defendants. Also excluded are those who assert claims for personal injury as well as any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

64.     Plaintiff reserves the right to redefine the Classes and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

65.     The Classes are sufficiently numerous, as each includes thousands of persons who have purchased the Product.  Thus, joinder of such persons in a single action or bringing all members of the

Classes before the Court is impracticable. The question is one of a general or common interest of many persons and it is impractical to bring them all before the Court. The disposition of the claims of the members of the Classes in this class action will substantially benefit both the parties and the Court.

66.    There are questions of law and fact common to each Class, including whether the Faulty Sound Systems have a manufacturing or design defect. The members of each Class were and are similarly affected by having purchased the Faulty Sound Systems for their intended and foreseeable purpose as promoted, marketed, advertised, and warranted by Defendants as set forth in detail herein, and the relief sought herein is for the benefit of Plaintiff and other members of the Classes. Thus, there is a well-defined community of interest in the questions of law and fact involved in this action and affecting the parties.

67.    Plaintiff asserts claims that are typical of the claims of each respective Classes. Plaintiff and all members of each respective Class have been subjected to the same wrongful conduct because they have purchased vehicles containing the Faulty Sound Systems, which do not function properly due to a design and/or manufacturing defect. Plaintiff and the members of each Class have thus all overpaid for their vehicles containing the Faulty Sound Systems.

68.    Plaintiff will fairly and adequately represent and protect the interests of the other members of each respective Classes. Plaintiff has no interests antagonistic to those of other members of each respective Class. Plaintiff is committed to the vigorous prosecution of this action and has retained counsel experienced in litigation of this nature to represent him. Plaintiff anticipates no difficulty in the management of this litigation as a class action.

69.    Class certification is appropriate because Defendants have acted on grounds that apply generally to each Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting each Class as a whole.

70.    Class certification is appropriate because common questions of law and fact substantially predominate over any questions that may affect only individual members of each Class. Among these common questions of law and fact are:

      a.    whether Defendants misrepresented or omitted material facts in connection with the

promotion, marketing, advertising, packaging, labeling, and sale of vehicles containing the Faulty Sound System;

b.   whether these vehicles have a design defect;

c.   whether these vehicles have a manufacturing defect;

d.   whether Defendants represented that these vehicles have characteristics, benefits, uses, or qualities that they do not have;

e.   whether Defendants' acts and practices in connection with the promotion, marketing, advertising, distribution, warranting and sale of these vehicles violated the laws alleged herein;

f.   whether Plaintiff and members of the Classes are entitled to injunctive and other equitable relief; and

g.   whether Defendants were unjustly enriched by their conduct.

71.   Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by the members of each respective Class.  Similar or identical statutory and common law violations and deceptive business practices are involved. Individual questions, if any, pale by comparison to the numerous common questions that predominate.

72.   The injuries sustained by Plaintiff and the members of each Class flow, in each instance, from a common nucleus of operative facts – Defendants' misconduct.

73.   Plaintiff and the members of each Class have been damaged by Defendants' misconduct.  The members of each Class have paid for a product that would not have been purchased in the absence of Defendants' deceptive scheme, or, alternatively, would have been purchased at a lesser price.

74.   Proceeding as a class action provides substantial benefits to both the parties and the Court because this is the most efficient method for the fair and efficient adjudication of the controversy.  Members of each Class have suffered and will suffer irreparable harm and damages as a result of Defendants' wrongful conduct.  Because of the nature of the individual claims of the members of each Class, few, if any, could or would otherwise afford to seek legal redress against Defendants for the wrongs complained of herein, and a representative class action is therefore the appropriate,

superior method of proceeding and essential to the interests of justice insofar as the resolution of claims of the members of each Class is concerned.  Absent a representative class action, members of each Class would continue to suffer losses for which they would have no remedy, and Defendants would unjustly retain the proceeds of its ill-gotten gains.  Even if separate actions could be brought by individual members of each Class, the resulting multiplicity of lawsuits would cause undue hardship, burden, and expense for the Court and the litigants, as well as create a risk of inconsistent rulings, which might be dispositive of the interests of the other members of each Class who are not parties to the adjudications and/or may substantially impede their ability to protect their interests.

**FIRST CAUSE OF ACTION**
**FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS &**
**PROFESSIONS CODE § 17200,** *et seq.*
**(By Plaintiff and California Class against all Defendants and Does 1-20)**

75.    Plaintiff repeats and realleges the allegations set forth above and incorporates the same as if set forth herein at length.

76.    This cause of action is brought pursuant to *Business and Professions Code* § 17200, *et seq.*

77.    In the advertising of the Product, Defendants makes false and misleading statements. Specifically, as set forth above, Defendants represent that the Faulty Sound Systems are a premium sound system.

78.    In fact, the Faulty Sound Systems are defective in their design and manufacture.

79.    Defendants are aware that the claims that they make about the Faulty Sound Systems are false, misleading and unsubstantiated.

80.    As alleged in the preceding paragraphs, the misrepresentations and omissions by Defendants of the material facts detailed above constitute an unfair and fraudulent business practice within the meaning of California *Business & Professions Code* § 17200.

81.    In addition, Defendants' use of various forms of advertising media to advertise, call attention to or give publicity to the sale of goods or merchandise which are not as represented in any manner constitute unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of California *Business & Professions Code* §§ 17531 and 17200, which advertisements have deceived and are likely to deceive the consuming public, in

**CLASS ACTION COMPLAINT**

1  violation of California *Business & Professions Code* § 17500.

2      82.    There were reasonably available alternatives to further Defendants' legitimate business

3  interests, other than the conduct described herein.

4      83.    All of the conduct alleged herein occurs and continues to occur in Defendants'

5  business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated

6  on hundreds of occasions daily.

7      84.    Pursuant to California *Business & Professions Code* §§ 17203 and 17535, Plaintiff and

8  the members of the Classes seek an order of this Court enjoining Defendants from continuing to

9  engage, use, or employ their practice of advertising the sale and use of the Faulty Sound Systems.

10  Likewise, Plaintiff and the members of the Classes seek an order requiring Defendants to disclose

11  such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money

12  wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to

13  disclose the existence and significance of said misrepresentations.

14
15  **SECOND CAUSE OF ACTION**
**FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS &**
**PROFESSIONS CODE § 17500, *et seq*.**
16  **(By Plaintiff and California Class against all Defendants and Does 1-20)**

17      85.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and

18  incorporates the same as if set forth herein at length.

19      86.    This cause of action is brought pursuant to California *Business and Professions Code*

20  § 17500, *et seq.* (known as California's False Advertising Law or "FAL").

21      87.    The FAL prohibits the dissemination of any advertisement which is untrue or

22  misleading, and which is known, or which by exercise of reasonable care should be known, to by

23  untrue or misleading. Cal. Bus. & Prof. Code §17500.

24      88.    In its advertising of Lexus vehicles containing the Faulty Sound System, Defendants

25  make false and misleading statements. Specifically, as set forth above, Defendant; advertise, represent,

26  and warranty that the Faulty Sound Systems are a premium sound system.

27      89.    In fact, the Faulty Sound Systems are defective in their design and manufacture.

28      90.    As alleged in the preceding paragraphs, the misrepresentations by Defendants of the

material facts detailed above constitute an unfair and fraudulent business practice within the meaning

1  of California *Business & Professions Code* § 17500.

2      91.     In addition, Defendants' use of various forms of advertising media to advertise, call

3  attention to or give publicity to the sale of goods or merchandise which are not as represented in any

4  manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an

5  unlawful business practice within the meaning of California *Business & Professions Code* §§ 17531

6  and 17200, which advertisements have deceived and are likely to deceive the consuming public, in

7  violation of California *Business & Professions Code* § 17500.

8      92.     Pursuant to California *Business & Professions Code* §§ 17203 and 17535, Plaintiff and

9  the members of the Classes seek an order of this Court enjoining Defendants from continuing to

10 engage, use, or employ their practice of advertising the sale and use of the Faulty Sound Systems.

11 Likewise, Plaintiff and the members of the Classes seek an order requiring Defendants to disclose

12 such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money

13 wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to

14 disclose the existence and significance of said misrepresentations.

15                              **THIRD CAUSE OF ACTION**
                 **VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq*.**
16        **(By Plaintiff and California Class against all Defendants and Does 1-20)**

17      93.     Plaintiff repeats and realleges all the allegations of the previous paragraphs and

18 incorporates the same as if set forth herein at length.

19      94.     This cause of action is brought pursuant to California *Civil Code* § 1750, *et seq*., the

20 Consumers Legal Remedies Act.

21      95.     Plaintiff, as well as each member of the Consumer Class, constitutes a "consumer"

22 within the meaning of California *Civil Code* § 1761(d).

23      96.     Defendants' sales of the vehicles containing Faulty Sound Systems constitute

24 "transactions" within the meaning of California *Civil Code* § 1761(e).

25      97.     The vehicles purchased by Plaintiff and the Consumer Class constitute "goods" under

26 California *Civil Code* § 1761(a).

27      98.     The policies, acts, and practices heretofore described were intended to result in the sale

28 of vehicles containing Faulty Sound Systems to the consuming public and violated and continue to

violate: (1) Section 1770(a)(5) of the Act which prohibits, *inter alia*, "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;" (2) Section 1770(a)(7) of the Act, which prohibits, "[r]epresenting that goods or services are of a particular standard, quality, grade, or that goods are of a particular style or model, if they are of another;" and (3) Section 1770(a)(9), which prohibits, '[a]dvertising goods or services with intent not to sell them as advertised."

99.    Defendants fraudulently deceived Plaintiff and the Classes by representing that the vehicles contained sound systems having certain characteristics, benefits, uses and qualities which they do not have.  In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiff and the Classes, specifically and not limited to the defects in the Faulty Sound Systems. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Classes and depriving them of their legal rights and money.

100.    Defendants' actions as described hereinabove were done with conscious disregard of Plaintiff's rights and Defendants were wanton and malicious in their concealment of the same.

101.    Pursuant to § 1780(a) of the Act, Plaintiff seeks injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendants including, but not limited to, an order enjoining Defendants from distributing such false advertising and misrepresentations. Plaintiff shall be irreparably harmed if such an order is not granted.

102.    Plaintiff is presently complying with the requirement of Civil Code §1782, Plaintiff intends to amend his complaint to seek damages pursuant to the CLRA once he has satisfied the pre-filing notice requirements.

103.    Plaintiff reserves the right to amend this Complaint to include a request for damages under the CLRA after complying with California *Civil Code* 1782(a) within thirty (30) days after the exhaustion of filing requirements.

104.    If Defendants have failed to provide appropriate relief for their violations of the CLRA within 30 days of their receipt of the CLRA Demand Notice, pursuant to Sections 1780 and 1782(b) of the CLRA, Plaintiff will be entitled to recover actual damages, punitive damages, attorneys' fees and costs, and any other relief the Court deems proper.

## FOURTH CAUSE OF ACTION
### UNJUST ENRICHMENT/QUASI-CONTRACT CLAIM FOR RESTITUTION
#### (By Plaintiff, California Class and National Class
#### Against all Defendants and Does 1-20)

105. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

106. Plaintiff brings this claim individually, as well as on behalf of members of the National Class and California Class pursuant California law. Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences. In all states, the focus of an unjust enrichment claim is whether the Defendants was unjustly enriched. At the core of each state's law are two fundamental elements – the defendant received a benefit from the Plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the Plaintiff. The focus of the inquiry is the same in each state. Since there is no material conflict relating to the elements of unjust enrichment between the different jurisdictions from which class members will be drawn, California law applies to the claims of the Class.

107. In the alternative, Plaintiff brings this claim individually as well as on behalf of the California Class.

108. At all times relevant hereto, Defendants deceptively labeled, marketed, advertised, and sold vehicles containing Faulty Sound Systems to Plaintiff and the Classes.

109. Plaintiff and members of the Classes conferred upon Defendants by making non-gratuitous payments for vehicles that were in excess of what they would have paid due to Defendants' deceptive labeling, advertising, and marketing. Defendants accepted or retained the non-gratuitous benefits conferred by Plaintiff and members of the Classes, with full knowledge and awareness that, as a result of Defendants' deception, Plaintiff and members of the Class were not receiving a product of the quality, nature, fitness, or value that had been represented by Defendants and reasonable consumers would have expected.

110. Defendants have been unjustly enriched in retaining the revenues derived from purchases of vehicles by Plaintiff and members of the Classes, which retention under these circumstances is unjust and inequitable because the vehicles contain Faulty Sound Systems that are defective.

111.    Plaintiff lacks adequate remedies at law to rectify the unjust enrichment complained of.

112.    Retaining the non-gratuitous benefits conferred upon Defendants by Plaintiff and members of the Classes under these circumstances made Defendants' retention of the non-gratuitous benefits unjust and inequitable.  Thus, Defendants must pay restitution to Plaintiff and members of the Classes for their unjust enrichment, as ordered by the Court.

**FIFTH CAUSE OF ACTION**
**BREACH OF EXPRESS WARRANTY**
**(By Plaintiff, on behalf of himself, the California Class and**
**Consumer Protection Class Against all Defendants and Does 1-20)**

113.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

114.    Plaintiff brings this Count individually under the laws of California and on behalf of the California Class and Consumer Protection Class (in states having similar laws regarding express warranties).

115.    Defendants represented that the sound systems it installed in vehicles containing the Faulty Sound System were "premium."

116.    Defendant also represented that it would repair original components found to be defective in its vehicles.

117.    Defendants' representations are made to Plaintiff and the other members of the Classes at the point of purchase and are part of the description of the goods.  Those promises constituted express warranties and became part of the basis of the bargain, between Defendants on the one hand, and Plaintiff and the Classes on the other.

118.    In addition, or in the alternative, Defendants made each of their above-described representations to induce Plaintiff and the Classes to rely on such representations, and they each did so rely on Defendants' representations as a material factor in their decisions to purchase the vehicles containing Faulty Sound Systems.  Plaintiff and other members of the Classes would not have purchased these vehicles but for these representations and warranties.

119.    The Faulty Sound Systems did not, in fact, meet the representations Defendants made about Product, as described herein, because they were defective.

CLASS ACTION COMPLAINT

120.    Defendants have refused to acknowledge and repair the defects.

121.    Defendants breached their express warranties by supplying defective sound systems and by failing to replace the defective components.

122.    At all times relevant to this action, Defendants made false representations in breach of the express warranties and in violation of state express warranty laws, including:

a.    Alaska St. §45.02.313;

b.    Ariz. Rev. Stat. Ann. §47-2313;

c.    Ark. Code Ann. §4-2-313;

d.    Cal. Com. Code §2313;

e.    Colo. Rev. Stat. §4-2-313;

f.    Conn. Gen. Stat. Ann. §42a-2-313;

g.    D.C. Code §28:2-313;

h.    Fla. Stat. §672.313;

i.    Haw. Rev. Stat. §490:2-313;

j.    810 Ill. Comp. Stat. 5/2-313;

k.    Ind. Code §26-1-2-313;

l.    Kan. Stat. Ann. §84-2-313;

m.    La. Civ. Code. Ann. art. 2520;

n.    Maine Rev. Stat. Ann. 11 §2-313;

o.    Mass. Gen. Laws Ann. 106 §2-313;

p.    Minn. Stat. Ann. §336.2-313;

q.    Miss. Code Ann. §75-2-313;

r.    Mo. Rev. Stat. §400.2-313;

s.    Mont. Code Ann. §30-2-313;

t.    Neb. Rev. Stat. §2-313;

u.    Nev. Rev. Stat. §104.2313;

v.    N.H. Rev. Stat. Ann. §382-A:2-313;

w.    N.J. Stat. Ann. §12A:2-313;

x.   N.M. Stat. Ann. §55-2-313;

y.   N.Y. U.C.C. Law §2-313;

z.   N.C. Gen. Stat. Ann. §25-2-313;

aa.  Okla. Stat. Ann. tit. 12A, §2-313;

bb.  Or. Rev. Stat. §72.3130;

cc.  Pa. Stat. Ann. tit. 13, §2313;

dd.  R.I. Gen. Laws §6A-2-313;

ee.  S.C. Code Ann. §36-2-313;

ff.  S.D. Codified Laws. §57A-2-313;

gg.  Tenn. Code Ann. §47-2-313;

hh.  Tex. Bus. & Com. Code Ann. §2.313;

ii.  Utah Code Ann. §70A-2-313;

jj.  Vt. Stat. Ann. tit. 9A§2-313;

kk.  Wash. Rev. Code §62A.2-313;

ll.  W. Va. Code §46-2-313;

mm. Wyo. Stat. Ann. §34.1-2-313;

123.   The above statutes do not require privity of contract in order to recover for breach of express warranty.

124.   Plaintiff has complied with the warranty terms, including usage instructions.  Plaintiff has made a demand upon Defendants to perform under the warranty terms, but Defendants have failed to comply with those terms.

125.   As a direct and proximate result of the breach of express warranties, Plaintiff has suffered damages, injury in fact, and ascertainable loss in an amount to be determined at trial, including repair and replacement costs and damages to other property.

126.   Wherefore, Plaintiff and the Classes demand judgment against Defendants for compensatory damages, plus interest, costs, and such additional relief as the Court may deem appropriate or to which Plaintiff and the Classes may be entitled.

### SIXTH CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY
**(By Plaintiff, on Behalf of Himself, the California Class, the National Class and Consumer Protection Class Against Defendants and Does 1-20)**

127.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

128.    Plaintiff brings this Count individually under the laws of California and on behalf of the California Class and Consumer Protection Class (in states having similar laws regarding implied warranties).

129.    The Uniform Commercial Code §2-314 provides that unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. This implied warranty of merchantability acts as a guarantee by the seller that his goods are fit for the ordinary purposes for which they are to be used.

130.    The Uniform Commercial Code §2-314 provides that "[g]oods to be merchantable must be at least such as…. Are adequately contained, packaged, and labeled as the agreement may require…[and] conform to the promises or affirmations of fact made on the container or label if any." Cal.Com.Code § 2314(2)(f).

131.    Defendants are in the business of manufacturing, designing, supplying, marketing, advertising, warranting, and selling automobiles.

132.    Defendants developed, manufactured, advertised, marketed, sold, and/or distributed the vehicles containing the Faulty Sound Systems.

133.    Defendants impliedly warranted to Plaintiff (and to Plaintiff's agents) that the vehicles they sold were of a certain quality.

134.    The vehicles containing the Faulty Sound Systems were unfit for ordinary use and were not of merchantable quality as warranted by Defendants. Before purchase, Plaintiff could not have readily discovered that the Products were not merchantable for use, were not of the same quality as those generally acceptable in the trade and did not conform to the quality previously represented.

135.    Defendants have failed to provide adequate remedies under their implied warranties, which have caused these implied warranties to fail their essential purpose, thereby permitting remedies under these implied warranties.

136.    Defendants have not sufficiently (meaning specifically and conspicuously) disclaimed the implied warranty of merchantability.

137.    At all times, the following states listed below, including the District of Columbia, have codified and adopted the provisions of the Uniform Commercial Code governing the implied warranty of merchantability:

a.    Ala. Code §7-2-314;

b.    Alaska Stat. §45.02.314;

c.    Ariz. Rev. Stat. Ann. §47-2314;

d.    Ark. Code Ann. §4-2-314;

e.    Cal. Com. Code §2314;

f.    Colo. Rev. Stat. §4-2-314;

g.    Conn. Gen. Stat. Ann. §42a-2-314;

h.    Del. Code Ann. tit. 6 §2-314;

i.    D.C. Code §28:2-314;

j.    Fla. Stat. §672.314;

k.    Ga. Code Ann. §11-2-314;

l.    Haw. Rev. Stat. §490:2-314;

m.    Idaho Code §28-2-314;

n.    810 Ill. Comp. Stat. Ann. 5/2-314;

o.    Ind. Code Ann. §26-1-2-314;

p.    Iowa Code Ann. §554.2314;

q.    Kan. Stat. Ann. §84-2-314;

r.    Ky. Rev. Stat. Ann. §355.2-314;

s.    La. Civ. Code Ann. art. §2520;

t.    Me. Rev. Stat. Ann. 11 §2-314;

u.    Md. Code Ann. Com. Law §2-314;

v.    Mass. Gen. Laws Ch. 106 §2-314;

w.    Mich. Comp. Laws Ann. §440.2314;

x.   Minn. Stat. Ann. §336.2-314;

y.   Miss. Code Ann. §75-2-314;

z.   Mo. Rev. Stat. §400.2-314;

aa.  Mont. Code Ann. §30-2-314;

bb.  Nev. Rev. Stat. §104.2314;

cc.  N.H. Rev. Stat. Ann. §382-A:2-314;

dd.  N.J. Stat. Ann. §12A:2-314;

ee.  N.M. Stat. Ann. §55-2-314;

ff.  N.Y. U.C.C. Law §2-314;

gg.  N.D. Cent. Code §41-02-314;

hh.  Okla. Stat. Ann. tit. 12A §2-314;

ii.  Or. Rev. Stat. §72.3140;

jj.  Pa. Stat. Ann. tit. 13 §2314;

kk.  R.I. Gen. Laws §6A-2-314;

ll.  S.C. Code Ann. §36-2-314;

mm. S.D. Codified Laws §57A-2-314;

nn.  Tenn. Code Ann. §47-2-314;

oo.  Tex. Bus. & Com. Code Ann. §2-314;

pp.  Utah Code Ann. §70A-2-314;

qq.  Va. Code Ann. §8.2-314;

rr.  Vt. Stat. Ann. tit. 9A §2-314;

ss.  W. Va. Code §46-2-314;

tt.  Wash. Rev. Code §62A 2-314;

uu.  Wis. Stat. Ann. §402.314; and

vv.  Wyo. Stat. Ann. §34.1-2-314.

138.    As developer, manufacturer, producer, advertiser, marketer, seller and/or distributor of motor vehicles, Defendants are "merchants" within the meaning of the various states' commercial codes governing the implied warranty of merchantability.

139.    Further, Defendants are merchants with respect to the vehicles at issue and developed, manufactured, produced, advertised, marketed, sold, and/or distributed the vehicles at issue.

140.    The vehicles at issue can be classified as "goods," as defined in the various states' commercial codes governing the implied warranty of merchantability.

141.    As a merchant of the vehicles at issue, Defendants knew that purchasers relied upon them to develop, manufacture, produce, sell, and distribute a vehicle with the promised features.

142.    Defendants developed, manufactured, produced, sold, and distributed vehicles to consumers such as Plaintiff and the Classes.  They knew that the users would use the vehicles sound systems.

143.    Defendants breached their implied warranties in connection with the sale of vehicles containing Faulty Sound Systems to Plaintiff and members of the Classes.  There vehicles do not conform to the promises or affirmations of fact made by Lexus.

144.    Defendants had actual knowledge that the Faulty Sound Systems were not fit for their ordinary purpose and Plaintiff therefore was not required to notify Defendants of their breach.  If notice is required, Plaintiff and the Classes adequately have provided Defendants of such notice through the filing of this lawsuit. Additionally, as detailed above, Plaintiff directly contacted Defendants regarding the breach.

145.    Plaintiff gave Defendants actual or constructive notice of the breaches of these warranties, and Defendants have failed to cure these breaches.

146.    As a direct and proximate result of the breaches of these implied warranties, Plaintiff and the members of the Classes have suffered damages, injury in fact and ascertainable loss in an amount to be determined at trial, including repair and replacement costs.  As a direct and proximate result of Defendants' breach of implied warranties, Plaintiff and other members of the Classes have been injured.  Plaintiff and the other members of the Classes would not have purchased the vehicles at issue but for Defendants' representations and warranties.  Defendants misrepresented the character of the vehicles' sound systems, which caused injuries to Plaintiff and the other members of the Classes because either they paid a price premium due to the deceptive representations or they purchased products that were not of a character and fitness as promised.

147.    Plaintiff demands judgment against Defendants for compensatory damages for himself and each class member, for the establishment of a common fund, plus additional remedies as this Court deems fit.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF MAGNUSON-MOSS WARRANTY ACT
**(on behalf of National Class and/or, alternatively, California Class against all Defendants and Does 1-20)**

148.    Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully here.

149.    Plaintiff seeks to represent the proposed National Class or, alternatively, the California Class.

150.    Congress enacted the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, in response to widespread consumer complaints regarding misleading and deceptive warranties. The Act imposes civil liability on any "warrantor" for failing to comply with any obligation under written and implied warranties. 15 U.S.C. § 2310(d)(1).

151.    Motor vehicles are a "consumer product," as defined by § 2301(1).

152.    Plaintiff, the National Class members, and the California Class members are "consumers" as defined by § 2301(3).

153.    Defendants are "warrantors" and "suppliers" as defined by §§ 2301(4) and (5).

154.    15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with its written and implied warranties.

155.    Defendants have failed to remedy the defects in the Faulty Sound Systems, despite Defendants' knowledge and notice of the defects in violation of its written and implied warranties.

156.    Plaintiff seeks to recover damages caused as a direct result of Defendants' breach of their written and implied warranties and their deceitful and unlawful conduct. Damages include labor and costs associated with replacement of the Faulty Sound Systems.

157.    The Act also provides for "other legal and equitable" relief. 15 U.S.C. § 2310(d)(1). Accordingly, Plaintiff seeks reformation of Defendants' written warranty to comport with Defendants' obligations under the Act and with consumers' reasonable expectations. Additionally, Plaintiff seeks to enjoin Defendants from acting unlawfully as further alleged, including discouraging Plaintiff to

1  seek all available remedies.

2       158.    The Act also provides for an award of costs and expenses, including attorneys' fees, to

3  prevailing consumers in the Court's discretion. 15 U.S.C. § 2310(d)(2).  Plaintiff intends to seek such

4  an award as a prevailing consumer at the conclusion of this case.

5                             **EIGHTH CAUSE OF ACTION**
                        **VIOLATIONS OF CONSUMER FRAUD LAWS**
6       **(By Plaintiff, on Behalf of Himself, the California Class, and Consumer Protection Class**
                        **against all Defendants and Does 1-20)**
7
8       159.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and

   incorporates the same as if set forth herein at length.
9
10      160.    Plaintiff brings this Count individually under the laws of California and on behalf of

11 all other persons who purchased vehicles containing Faulty Sound Systems in states having similar

12 laws regarding consumer fraud and deceptive trade practices.

13      161.    Plaintiff and each of the other members of the Classes are consumers, purchasers, or

14 other persons entitled to the protection of the consumer protection laws of the state in which they

15 purchased the Product.

16      162.    The consumer protection laws of the State in which Plaintiff and the other members of

17 the Classes purchased vehicles containing Faulty Sound Systems declare that unfair or deceptive acts

   or practices, in the conduct of trade or commerce, are unlawful.
18
19      163.    Forty states and the District of Columbia have enacted statutes designed to protect

20 consumers against unfair, deceptive, fraudulent, and unconscionable trade and business practices and

21 false advertising and that allow consumers to bring private and/or class actions.  These statutes are

22 found at:

23      a.   Alabama Deceptive Trade Practices Act, Ala. Code §8-19-1 *et seq.*;

24      b.   Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Code §45.50.471 *et*

25           *seq.*;

26      c.   Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §4-88-101 *et seq.*;

27      d.   California Consumer Legal Remedies Act, Cal. Civ. Code §1750 *et seq.*, and California's

28           Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*;

e.  Colorado Consumer Protection Act, Colo. Rev. Stat. §6-1-101 *et seq.*;

f.  Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §42-110a *et seq.*;

g.  Delaware Deceptive Trade Practices Act, Del. Code tit. 6§2511 *et seq.*;

h.  District of Columbia Consumer Protection Procedures Act, D.C. Code §28 3901 *et seq.*;

i.  Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §501.201 *et seq.*;

j.  Georgia Fair Business Practices Act, Ga. Code Ann. §10-1-390 *et seq.*;

k.  California Unfair and Deceptive Practices Act, California Revised Statues §480-1 *et seq.*, and California Uniform Deceptive Trade Practices Act, Haw. Rev. Stat. §481A-1 *et seq.*;

l.  Idaho Consumer Protection Act, Idaho Code Ann. §48-601 *et seq.*;

m.  Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. Ann. 505/1 *et seq.*;

n.  Kansas Consumer Protection Act, Kan. Stat. Ann §50 626 *et seq.*;

o.  Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §367.110 *et seq.*, and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann §365.020 *et seq.*;

p.  Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §51:1401 *et seq.*;

q.  Maine Unfair Trade Practices Act, Me. Rev. Stat. tit. 5 §205A *et seq.*, and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. tit. 10, §1211 *et seq.*,

r.  Massachusetts Unfair and Deceptive Practices Act, Mass. Gen. Laws ch. 93A;

s.  Michigan Consumer Protection Act, Mich. Comp. Laws §445.901 *et seq.*;

t.  Minnesota Prevention of Consumer Fraud Act, Minn. Stat. Ann.§325F.68 *et seq.,* and Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §325D.43 *et seq.*;

u.  Mississippi Consumer Protection Act, Miss. Code Ann. §§75-24-1 *et seq.*;

v.  Missouri Merchandising Practices Act, Mo. Rev. Stat. §407.010 *et seq.*;

w.  Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code Ann. §30-14-101 *et seq.*;

x.  Nebraska Consumer Protection Act, Neb. Rev. Stat. §59-1601 *et seq.*, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §87-301 *et seq.*;

y.    Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §598.0903 *et seq.*;

z.    New Hampshire Consumer Protection Act,  N.H. Rev. Stat. §358-A:1 *et seq.*;

aa.   New Jersey Consumer Fraud Act, N.J. Stat. Ann. §56:8 1 *et seq.*;

bb.   New Mexico Unfair Practices Act, N.M. Stat. Ann. §57 12 1 *et seq.*;

cc.   New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law §349 *et seq.*;

dd.   North Dakota Consumer Fraud Act, N.D. Cent. Code §51 15 01 *et seq.*;

ee.   Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. §1345.02 and 1345.03; Ohio Admin. Code §109:4-3-02, 109:4-3-03, and 109:4-3-10;

ff.   Oklahoma Consumer Protection Act, Okla. Stat. tit. 15 §751 *et seq.*;

gg.   Oregon Unfair Trade Practices Act, Ore. Rev. Stat §646.608(e) & (g);

hh.   Rhode Island Unfair Trade Practices And Consumer Protection Act, R.I. Gen. Laws §6-13.1-1 *et seq.*;

ii.   South Carolina Unfair Trade Practices Act, S.C. Code Ann. §39-5-10 *et seq.*;

jj.   South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§37 24 1 *et seq.*;

kk.   Tennessee Consumer Protection Act, Tenn. Code Ann. §47-18-101 *et seq.*;

ll.   Vermont Consumer Fraud Act, Vt. Stat. Ann. tit. 9, §2451 *et seq.*;

mm.  Washington Consumer Fraud Act, Wash. Rev. Code §19.86.010 *et seq.*;

nn.   West Virginia Consumer Credit and Protection Act, West Virginia Code §46A-6-101 *et seq.*; and

oo.   Wisconsin Deceptive Trade Practices Act, Wis. Stat. §100.18 *et seq.*

164.    The vehicles at issue constitute a product to which these consumer protection laws apply.

165.    In the conduct of trade or commerce regarding its production, marketing, and sale of vehicles containing Faulty Sound Systems, Defendants engaged in one or more unfair or deceptive acts or practices including, but not limited to, uniformly representing to Plaintiff and each member of the Classes that the vehicles had a "premium" sound system.

166.    Defendants' representations and omissions were false, untrue, misleading, deceptive,

and/or likely to deceive.

167. Defendants knew, or should have known, that their representations and omissions were false, untrue, misleading, deceptive, and/or likely to deceive.

168. Defendants used or employed such deceptive and unlawful acts or practices with the intent that Plaintiff and members of the Classes rely thereon.

169. Plaintiff and the other members of the Classes did so rely.

170. Plaintiff and the other members of the Classes purchased vehicles containing Faulty Sound Systems produced by Defendants which misrepresented the characteristics and nature of the Faulty Sound Systems.

171. Plaintiff and the other members of the Classes would not have purchased vehicles containing Faulty Sound Systems but for Defendants' deceptive and unlawful acts.

172. As a result of Defendants' conduct, Plaintiff and the other members of the Classes sustained damages in amounts to be proven at trial.

173. Defendants' conduct showed complete indifference to, or conscious disregard for, the rights and safety of others such that an award of punitive and/or statutory damages is appropriate under the consumer protection laws of those states that permit such damages to be sought and recovered.

**NINTH CAUSE OF ACTION**
**NEGLIGENT MISREPRESENTATION**
**(By Plaintiff, on Behalf of Himself, and the California Class against all Defendants and Does 1-20)**

174. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

175. In making representations of fact to Plaintiff and the California Class members about vehicles containing Faulty Sound Systems, Defendants failed to fulfill their duty to disclose the material facts alleged above. Such failure to disclose on the part of Defendants amounts to negligent misrepresentation.

176. Plaintiff and the other members of the California Class reasonably relied upon such representations and omissions to their detriment.

177. Plaintiff and the other members of the California Class, as a direct and proximate cause of Defendants' negligent misrepresentations, reasonably relied upon such misrepresentations to their

detriment.  By reason thereof, Plaintiff and the other Class members have suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief against Defendants as follows (cause of action number three is excluded from the below to the extent the remedy includes monetary damages):

A.    That the Court certify the nationwide Class and the California Class and appoint Plaintiff as Class Representative and their attorneys as Class Counsel to represent the members of the Classes;

B.    That the Court declare that Defendants' conduct violates the statutes referenced herein;

C.    That the Court preliminarily and permanently enjoin Defendants from conducting their business through the unlawful, unfair, or fraudulent business acts or practices, untrue, and misleading labeling and marketing and other violations of law described in this Complaint;

D.    That the Court order Defendants to conduct a corrective advertising and information campaign advising consumers that vehicles containing Faulty Sound Systems do not have the characteristics, uses, benefits, and quality Defendants have claimed;

E.    That the Court order Defendants to implement whatever measures are necessary to remedy the unlawful, unfair, or fraudulent business acts or practices, untrue and misleading advertising, and other violations of law described in this Complaint;

F.    That the Court order Defendants to notify each and every individual and/or business who purchased vehicles containing Faulty Sound Systems of the pendency of the claims in this action in order to give such individuals and businesses an opportunity to obtain restitution from Defendants;

G.    That the Court order Defendants to pay restitution to restore to all affected persons all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or a fraudulent business act or practice, untrue or misleading labeling, advertising, and marketing, plus pre- and post-judgment interest thereon (cause of action number three is excluded from the below to the extent the remedy includes monetary damages);

H.      That the Court order Defendants to disgorge all monies wrongfully obtained and all revenues and profits derived by Defendants as a result of its acts or practices as alleged in this Complaint (cause of action number three is excluded from the below to the extent the remedy includes monetary damages); That the Court award damages to Plaintiff and the Classes;

I.      The common fund doctrine, and/or any other appropriate legal theory; and

J.      that the Court grant such other and further relief as may be just and proper.

DATED:   December 11, 2019          **BRADLEY/GROMBACHER, LLP**

By**:**_____*/s/ Kiley Lynn Grombacher*_____
          Marcus J. Bradley, Esq.
          Kiley Lynn Grombacher, Esq.
          Robert N. Fisher, Esq.

          *Attorneys for Plaintiff and the Putative Class*

1

## **JURY DEMAND**

2

Plaintiff demands a trial by jury on all causes of action so triable.

3    DATED:   December 11, 2019                **BRADLEY/GROMBACHER, LLP**

4

5

By**:** _____*/s/ Kiley Lynn Grombacher*_____

6                                     Marcus J. Bradley, Esq.
                                         Kiley Lynn Grombacher, Esq.
7                                     Robert N. Fisher, Esq.

8                                     *Attorneys for Plaintiff and the Putative Class*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT